UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SEBASTIAN CRAWFORD,

    Plaintiff,

v.                                          Case No.:   2:24-cv-1138-SPC-NPM

KARLA M. RODRIGUEZ DE HERNANDEZ, CESAR ALEXANDER MARTINEZ GARCIA, AND ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendants.
_____/

## **ORDER**

Before the Court is Defendants Karla M. Rodriguez de Hernandez and Cesar Alexander Martinez Garcia's Notice of Removal of Action Under 28 U.S.C. § 1332 (Diversity). (Doc. 1). Defendant Allstate Fire and Casualty Insurance Company consented to removal. (Doc. 1 at 14). For the reasons outlined below, Defendants must supplement the Notice.

A defendant may remove a civil action from state court if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg,* 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c).

And "a removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

This case arises out of a February 2024 motor vehicle accident. Defendants removed this action by invoking diversity jurisdiction. Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Here, the amount in controversy is questionable.

To establish the amount in controversy, Defendants rely on three proposals for settlement: two $1 million proposals for settlement against Martinez Garcia and Rodriguez de Hernandez (Docs. 1-9, 1-10), and a $100,000 proposal for settlement against Allstate (Doc. 1-11). That's it.

But a proposal for settlement—standing alone—does not establish the amount in controversy. *See Brooks v. Sears, Roebuck & Co.*, No. 6:18-CV-554-ORL-37DCI, 2018 WL 3761045, at *3 (M.D. Fla. July 2, 2018), *report and recommendation adopted*, 2018 WL 3545421 (July 24, 2018). And the proposal itself "lacks <u>any</u> specific information to explain why [one-million dollars] is a reasonable assessment of the value of [Plaintiff's] claim, nor does the record in this case support such a conclusion." *Hamilton v. Crete Carrier Corp.*, No. 3:24-CV-574-MMH-MCR, 2024 WL 3948869, at *4 (M.D. Fla. Aug. 27, 2024) (emphasis original) (finding a bare proposal for settlement did little to

2

establish the amount in controversy). This suggests Plaintiff's settlement demands are nothing more than puffery. *See Auclair v. Ecolab, Inc.*, No. 2:21-CV-18-JLB-MRM, 2021 WL 1661016, at *3 (M.D. Fla. Apr. 28, 2021) (explaining that courts draw a distinction between "settlement offers steeped in puffery and posturing" and "those yielding information and a reasonable assessment of value").

In the Notice, Defendants state that Plaintiff seeks to recover the full amount of the $100,000 policy limits of his uninsured/underinsured motorist coverage with Allstate. (Doc. 1 at 14). But there is no indication in the Complaint that Plaintiff intends to seek the policy limits. He merely alleges that the value of the policy is $100,000 and that Allstate has refused to pay him for the full value of the claim. (Doc. 5 ¶¶ 14, 17). But no more.

This is problematic because "policy limits alone are insufficient to determine the amount in controversy for insurance coverage purposes." *State Farm Mut. Automobile Ins. Co. v. Semino*, No. 2:23-CV-393-SPC-NPM, 2023 WL 3863368, at *1 (M.D. Fla. June 7, 2023). Plaintiff may have sustained injury in excess of $75,000. He may have sustained injury in the amount of $750. If the latter is true, the amount in controversy is not satisfied, regardless of the policy limits. *Amerisure Ins. Co. v. Island Crowne Developers, L.C.*, No. 6:10-cv-221-Orl-28DAB, 2010 WL 11626694, at *2 (M.D. Fla. Apr. 28, 2010) ("showing that the policy amount exceeds $75,000 does not in and of itself

establish that the amount in controversy requirement has been met because *the value of the underlying claim may be for less than the policy limits*") (emphasis added).

Without more, the Court is not satisfied that Defendants have shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Accordingly, it is now

**ORDERED:**

On or before **March 10, 2025**, Defendants must SUPPLEMENT the Notice of Removal consistent with this Order. **Failure to do so will result in remand without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on February 25, 2025.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4