UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SEBASTIAN CRAWFORD,

    Plaintiff,

v.

Case No.:  2:24-cv-1138-SPC-NPM

KARLA M. RODRIGUEZ DE HERNANDEZ, CESAR ALEXANDER MARTINEZ GARCIA, AND ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendants.
_____/

## **ORDER**

Defendants Karla M. Rodriguez de Hernandez and Cesar Alexander Martinez Garcia removed this motor vehicle accident case by invoking the Court's diversity jurisdiction. (Doc. 1). Defendant Allstate Fire and Casualty Insurance Company consented to removal. (Doc. 1 at 14).

To establish the amount in controversy, Defendants relied solely on three proposals for settlement: two $1 million proposals for settlement against Martinez Garcia and Rodriguez de Hernandez (Docs. 1-9, 1-10), and a $100,000 proposal for settlement against Allstate (Doc. 1-11). But a proposal for settlement—standing alone—does not establish the amount in controversy. *See Brooks v. Sears, Roebuck & Co.*, No. 6:18-CV-554-ORL-37DCI, 2018 WL

3761045, at *3 (M.D. Fla. July 2, 2018), *report and recommendation adopted*, 2018 WL 3545421 (July 24, 2018). And "policy limits alone are insufficient to determine the amount in controversy for insurance coverage purposes." *State Farm Mut. Autombile Ins. Co. v. Semino*, No. 2:23-CV-393-SPC-NPM, 2023 WL 3863368, at *1 (M.D. Fla. June 7, 2023). So, to ensure its jurisdiction, the Court ordered Defendants to supplement their notice of removal to establish the amount in controversy. (Doc. 30).

In the supplement, Defendants basically double down. (Doc. 33). They provide a couple of additional pieces of information to try to show they met the amount in controversy, but they are not enough. First, Defendants explain that Plaintiff sent a demand letter to Allstate's previous in-house counsel, demanding $1 million to settle the case and attaching medical bills, records, and photos of the accident.[1] (*Id.* at 26). The medical bills provided in the supplement total $9,190.54. (*Id.* at 59). Defendants complain that Plaintiff did not provide records or billing from Spine and Orthopedic Specialists or Summerlin Imaging and provided only limited records from Parrish Family Chiropractic. (*Id.* at 5). This does not help the Court.

Next, Defendants reiterate that Plaintiff served proposals for settlement that total $2.1 million. The Court already knew this and explained that it is

---

[1] Defendants cite this demand letter as Exhibit A (Doc. 33 at 3), but Exhibit A is answers to interrogatories (Doc. 33 at 18–25). Exhibit B contains the demand letter. (Doc. 33 at 26).

insufficient on its own to demonstrate the amount in controversy is satisfied. (Doc. 30 at 2–4). Defendants contend that these numbers are not "mere puffery," given Plaintiff's allegations of permanent injuries, loss of earnings, loss of ability to earn money, past and future mental anguish, and loss of ability to lead and enjoy a normal life. (Doc. 33 at 10). The Court has rejected similar arguments in the past and does so again here. *See Rosito v. Walmart Stores E., LP*, No. 2:24-CV-599-SPC-KCD, 2024 WL 3642426, at *1 (M.D. Fla. July 11, 2024) ("Defendant tries to fill in the $27,201 gap between $47,799 and $75,000 with Plaintiff's general allegations of 'bodily injury, mental and/or psychological disorders, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money' and the possibility that Plaintiff may have surgery in the future. The Court is not willing to make this nearly $30,000 inferential leap.").

Defendants make additional—albeit insufficient—arguments in support of the amount in controversy. For instance, they argue that Plaintiff's intent to recover the full extent of uninsured/underinsured motorist coverage from Allstate shows that the Court has jurisdiction. (Doc. 33 at 13). Specifically, they argue that Plaintiff's "decision to pursue a UIM/UIM claim indicates that he believes that his damages surpass Rodriguez De Hernandez and Martinez

3

Garcia's $1,000,000 policy limits." (Doc. 33 at 13). They also argue that Plaintiff's insufficient disclosures, in which he states that amounts for past and future medical bills and non-economic damages are "to be determined," support the amount in controversy requirement. (*Id.* at 14).

Defendants' arguments fail. As the Court already said in its Order to Show Cause, Plaintiff does not allege in the Complaint that he seeks the policy limits. (Doc. 30 at 3). He merely alleges that the limit is $100,000. (*Id.* (citing Doc. 5 ¶¶ 14, 17)). And the fact that Defendants find Plaintiff's disclosures insufficient is unpersuasive. Defendants should have nailed down the amount in controversy before removing this case. It is unsubstantiated that Plaintiff's claim surpasses Defendants' policy limits. At this juncture, all the Court has before it is evidence that Plaintiff's medical bills total $9,190.54. (Doc. 33 at 59). This is well below the jurisdictional threshold. A finding that Defendants have met their burden requires an inferential leap the Court is unwilling to take on this record.

Given the foregoing, the Court is still not satisfied that Defendants have shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. So the Court finds it does not have jurisdiction and remands the case to state court.

Accordingly, it is now

**ORDERED:**

4

1. This action is **REMANDED** to the Twentieth Judicial Circuit in and for Hendry County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit in and for Hendry County, Florida.

3. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 11, 2025.

*[Signature]*
**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies: All Parties of Record